IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| 3M COMPANY, | |
|---|---|
| Plaintiff, | Civil Action No.: 1:20-cv-00394 |
| v. | |
| HULOMIL, LLC, | |
| Defendant. | |

**STIPULATED ORDER ON PLAINTIFF 3M COMPANY'S MOTION FOR A PRELIMINARY INJUNCTION AGAINST DEFENDANT HULOMIL, LLC**

Plaintiff 3M Company's ("3M") has moved pursuant to Federal Rule of Civil Procedure 65 for a temporary restraining order and preliminary injunction. Defendant Hulomil, LLC ("Defendant") has stipulated and agreed to an entry of a preliminary injunction order (this "Order") pending resolution of this matter on the merits or otherwise.

3M and Defendant having agreed and the Court being duly advised in the premises, the Court hereby finds that an Agreed Order for Preliminary Injunction, upon the terms and conditions set forth herein, is granted. The parties specifically waive the requirement for findings of fact and conclusions of law, as this is an agreed order.

**BASED ON THE FOREGOING,** the Court hereby **ORDERS** that:

1. Pursuant to FED. R. CIV. P. 65(a):

a. Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with them are enjoined during the pendency of this action from using the famous standard character "3M" mark and 3M design mark 3M (the "3M Marks"), and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising,

promoting, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators, and

      b. Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with them are enjoined during the pendency of this action from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing itself as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; falsely representing that 3M has increased the price(s) of its 3M-brand N95 respirators; and offering to sell any of 3M's products at a price and/or in a manner that would constitute a violation of Wisconsin Statute § 100.305 or Wisconsin Administrative Code § 106.02, during the pendency of this action.

2. Pursuant to this Court's equitable powers and discretion (and the agreement of the parties), because of 3M's financial situation, it need not post a bond.

3. This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Order.

4. This injunction shall remain in effect until further notice of this Court.

**SO ORDERED** this 22nd day of May, 2020.

_____
United States District Judge