# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| 3M COMPANY<br>　　　　　　Plaintiff,<br><br>v.<br><br>HULOMIL, LLC,<br>　　　　　　Defendant. | Civil Action No. 3:20-cv-00394 |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff 3M Company ("3M" or "Plaintiff") and Defendant Hulomil, LLC ("Defendant" or "Hulomil"), having settled this action on the terms and conditions stated herein, it is hereby ORDERED, ADJUGED, and DECREED as follows:

1. This is an action alleging violations of the Lanham Act, 15 U.S.C. § 1125, Chapters 100 and 132 of the Wisconsin Statutes, and Wisconsin common law.

2. This Court has personal jurisdiction over the parties and subject matter jurisdiction of the matter in controversy between the parties. Venue in this judicial district is proper.

3. Since the filing of the Complaint, all claims between the parties related in any way to the Complaint and any claims that 3M on the one hand and Hulomil on the other hand may have against each other have been resolved by a written Settlement Agreement executed by the parties.

4. As part of that Settlement Agreement, the parties have agreed to the entry of this Consent Judgment and Permanent Injunction. Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant, and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it, are hereby permanently enjoined from:

a. holding itself out to consumers and/or government agencies as having any affiliation or connection with an authorized distributor of 3M, unless dealing with an authorized distributor of 3M that has been verified as such by 3M;

b. using any of 3M's trademarks and/or logos in correspondence or other offers of solicitation related to Personal Protective Equipment ("PPE"), unless dealing with an authorized distributor of 3M that has been verified as such by 3M;

c. representing any pricing information for 3M-brand N95 respirator masks, unless dealing with an authorized distributor of 3M that has been verified as such by 3M; and

d. offering to sell any of 3M's products except through an authorized distributor of 3M that has been verified as such by 3M.

5. The terms of this Consent Judgment and Permanent Injunction shall be enforceable against Defendant and its successors in interest and assigns.

6. Not later than fifteen (15) calendar days following the date on which Defendant executes this Consent Judgment and Permanent Injunction, Defendant shall deliver to 3M the Settlement Funds, as defined and set forth in the Settlement Agreement, which 3M shall thereafter donate to a nonprofit organization focused on COVID-19 relief.

7. The Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction. If Defendant shall be alleged to have breached the terms of this Consent Judgment and Permanent Injunction, 3M shall have the right to reopen this matter upon motion filed. If this matter is so reopened, 3M may pursue any and all remedies it may have against Defendant.

8. The individuals executing this Consent Judgment and Permanent Injunction represent or confirm that they are duly authorized to do so, and are similarly authorized to bind each of the signatories to this Judgment.

SO ORDERED this 22nd day of June, 2020.

_____
United States District Judge

Entered this 22nd day of June, 2020.

s/
_____
Peter A. Oppeneer, Clerk of Court